UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>                      Plaintiff,<br><br>v.<br><br>BUFFALO WILD WINGS, LLC,<br><br>                      Defendant. | Case No.: 22-CV-440 TWR (MDD)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER AND TO STRIKE DISPARAGING COMMENTS**<br><br>(ECF No. 4) |

Presently before the Court is Plaintiff Peter Strojnik's Motion to Reconsider and to Strike Disparaging Comments, (*see* "Mot.," ECF No. 4), filed in response to the Court's April 8, 2022 Order Rejecting Complaint Pursuant to Prefiling Order. (*See generally* ECF No. 2 (the "Underlying Order").) Pursuant to the Honorable Larry Alan Burns' Original (ECF No. 27 (the "Sept. 2021 Order")) and Amended (ECF No. 41 (the "Apr. 2022 Order")) Orders (1) Granting in Part and Denying in Part Defendant's Motion to Declare Plaintiff a Vexatious Litigant and Impose Pre-Filing Restrictions; and (2) Granting Defendant's Request for Attorney's Fees in *Strojnik v. 1315 Orange, LLC*, No. 19-CV-1991 LAB (JLB) (S.D. Cal.) (together, the "Prefiling Order"), the Underlying Order rejected Plaintiff's Complaint (ECF No. 1) in this action "for failure plausibly to allege Article III standing and as 'asserted for an improper purpose.'" (*See id.* at 2.) Plaintiff now seeks reconsideration on the grounds that his allegations regarding his standing "are

1 | . . . virtually identical" to those accepted by the Ninth Circuit in *Whitaker v. Tesla Motors,*
2 | *Inc.*, 985 F.3d 1173 (9th Cir. 2021), and the Honorable Anthony J. Battaglia in *Whitaker v.*
3 | *Tesla Motors, Inc.*, No. 3:19-cv-01193 AJB (BLM) (S.D. Cal. filed Jan. 29, 2021), ECF
4 | No. 33 (together, the "*Whitaker* cases"). (*See* Underlying Order at 1–2.) Plaintiff also
5 | requests that the Court strike its "comment that the Complaint is 'asserted for an improper
6 | purpose'" because "Plaintiff's motive in bringing [Americans with Disabilities Act
7 | ("ADA")] actions is true and honorable, albeit irrelevant[,]" and because the comment "is
8 | not based on any evidence." (*See id.* at 2.)

9 | As a preliminary matter, the Motion fails to comply with this District's procedural
10 | guidelines, *see* S.D. Cal. CivLR 7.1(i)(1) (requiring submission of an affidavit "setting
11 | forth the material facts and circumstances surrounding each prior application, including
12 | inter alia: (1) when and to what judge the application was made, (2) what ruling or decision
13 | or order was made thereon, and (3) what new or different facts and circumstances are
14 | claimed to exist [that] did not exist, or were not shown, upon such prior application"),
15 | which alone suffices summarily to deny the Motion. *See, e.g.*, *Shaw v. Experian Info. Sols.,*
16 | *Inc.*, No. 13-CV-1295 JLS (BLM), 2016 WL 7634441, at *2 (S.D. Cal. Apr. 4, 2016);
17 | *F.T.C. v. Neovi, Inc.*, No. 06-CV-1952-JLS JMA, 2009 WL 56130, at *2 (S.D. Cal. Jan. 7,
18 | 2009). Even if Plaintiff's Motion were procedurally proper, however, the Court would
19 | reject his individual arguments on the merits.

20 | First, the Court already has considered—and rejected—application of the *Whitaker*
21 | cases, which were mentioned in Plaintiff's March 14, 2022 letter to the Clerk of the Court
22 | and are distinguishable on multiple grounds. Not only did the *Whitaker* cases address only
23 | injury in fact and not the plaintiff's intent to return to the defendant's facilities, but the
24 | *Whitaker* cases also were decided in the context of motions to dismiss, not screening
25 | pursuant to a prefiling order entered against a vexatious litigant. The *Whitaker* cases
26 | therefore do not compel reconsideration of the Court's prior conclusion that Plaintiff
27 | "fail[ed] adequately to allege Article III standing." (*See* Underlying Order at 3.)
28 | / / /

|   |   |
|---|---|
| 1 | Second, Plaintiff identifies no mechanism allowing him to move to strike a "comment" from a court order. *Cf.* Fed. R. Civ. P. 12(f) (allowing "[t]he court [to] strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added)). The Court therefore construes Plaintiff's request that the Court "strike" its conclusion that his Complaint was "asserted for an 'improper purpose'" as a motion for reconsideration, which the Court also denies. |

Second, Plaintiff identifies no mechanism allowing him to move to strike a "comment" from a court order. *Cf.* Fed. R. Civ. P. 12(f) (allowing "[t]he court [to] strike *from a pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" (emphasis added)). The Court therefore construes Plaintiff's request that the Court "strike" its conclusion that his Complaint was "asserted for an 'improper purpose'" as a motion for reconsideration, which the Court also denies.

Pursuant to the Prefiling Order, Judge Burns tasked the undersigned with "determin[ing] . . . whether the complaint should be accepted for filing," which required the undersigned to "certif[y] . . . that [Plaintiff's] claims plausibly allege Article III standing and *are not frivolous or asserted for an improper purpose*." (*See* Apr. 2022 Order at 1–2 (emphasis added).) Consequently, contrary to Plaintiff's assertion, (*see* Mot. at 2 (citing *Civil Rights Educ. & Enc't Ctr. v. Hosp. Props. Tr.*, 867 F.3d 1093 (9th Cir. 2017))), his "motive in bringing ADA actions" is relevant to the extent he seeks to file new ADA complaints in this District. *Cf. Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1058 (9th Cir. 2007) (recognizing that motive is useful in determining frivolity of complaints in affirming prefiling order requiring prefiling screening of new ADA lawsuits filed in the Central District of California).

As for Plaintiff's contention that the Court's conclusion that his Complaint was "asserted for an 'improper purpose' [wa]s not based on any evidence," (*see* Mot. at 2), the Court relied on the extensive evidentiary record compiled by Judge Burns, (*see* Underlying Order at 3–4 (citing Sept. 2021 Order at 8–13)), which Plaintiff had neither sought reconsideration of or appealed. Indeed, it was Judge Burns who described Plaintiff's litigation as "frivolous," "exploitative," and "harass[ing]" and found that Plaintiff was "aware he d[id]n't have a good-faith basis for brining these claims, and yet . . . d[id] so anyway with the intention of harassing defendants and extorting settlements out of them." (*See* Sept. 2021 Order at 13.) In other words, Judge Burns concluded that Plaintiff's complaints to that point had been "asserted for an improper basis," (*see id.* at 14), and—in reaching the same conclusion—the undersigned found that "[n]othing in the instant

1  Complaint distinguishes it from the thousands of ADA complaints Mr. Strojnik has filed
2  across the country over the past six years." (*See* Underlying Order at 3–4.)
3        In light of the foregoing, the Court **DENIES** Plaintiff's Motion seeking
4  reconsideration of the Court's Underlying Order on both procedural and substantive
5  grounds.
6        **IT IS SO ORDERED.**
7  Dated: April 18, 2022

                                            Honorable Todd W. Robinson
                                            United States District Judge